May it please the Court, Counsel, my name is Thomas Magg. I represent the plaintiff, and I'd like to bring, this is a very simple appeal, probably disposed of by summary order. The substance of the appeal, in fact the only portion of the appeal, or any part of the argument really relevant, is that of the jurisdiction of the trial court to grant a second post-judgment order 90-something days after the denial of the first post-judgment order. In sum, there was a contempt order that was issued, a timely post-judgment order was issued. Under Rule 304B, a contempt order is automatically a final appealable order, but the trial court certified it under Rule 304A in any event. So the contempt order itself was indisputably a final order. A timely post-judgment motion was filed by counsel. The trial court denied it. A second post-judgment motion was filed by counsel, again attacking the contempt order. A motion to strike it was filed. Both motions were argued 90-something days after the denial of the first post-judgment motion. The motion to strike was denied. The motion to vacate the contempt order was granted. Under well-settled authority, as cited in the brief, second post-judgment motions are not appropriate. The trial court had no jurisdiction more than 30 days after the denial of the initial post-judgment motion to grant any of those. If counsel and his client wished to further contest the matter, they had an obligation under the rules to file a notice of appeal, not a successive post-judgment motion. Quite simply, the circuit court had no jurisdiction to grant the post-judgment motion and was obliged to grant the motion to strike the post-judgment motion. This court should reverse the circuit court's order denying the motion to strike and granting the second post-judgment motion. Counsel, this started as a supplemental proceeding under 1402, correct? A collection action. A collection action with the citation to discover assets. Correct. The appellee pointed out that there were issues regarding names and service on various, on the citation or motions on this supplemental proceeding. Do you not address those? Do you agree or disagree? I agree that in either one of the motions or one of the orders, an incorrect name was listed, but quite frankly, it doesn't matter. Well, just a minute. That happens to be the order that was the basis for the contempt. In other words, you went and had a judge enter an order holding somebody in contempt when the order that was the basis of the contempt was directed at another person. Right. That may well have been a good argument to present to the trial court and for the trial court to consider. But the basis of this appeal is whether or not the trial court had the jurisdiction, the authority to grant a second post-judgment motion. And the answer is no, it didn't. For better or for worse, right or for wrong, if counsel and his client intended to take up that argument, they should have filed a notice of appeal, not a second post-judgment motion. It's a question of jurisdiction. It would be like filing a notice of appeal 90 days after the entry of final judgment. This court would dismiss that appeal for lack of jurisdiction, even if the underlying appeal would have been completely meritorious. Counsel, I took a look at what the trial court did after looking at this proceeding and saying, start over again. We've had some issues along the way to getting to this contempt order and enforcing it. Start over. And so then I'm thinking if it's go back and start over, is it really a final order in that this judgment's still there and you are free to go back and start again so that that supplemental proceeding is still available to you? Except that goes right back to the fact that the trial court did not have the subject matter of jurisdiction 90 days after the denial, 90-something days after the denial of the first post-judgment motion to grant a second post-judgment motion. That applies only to final orders. To final orders. Contempt orders, by definition, are final orders. And then the other issue is, could the judge have treated this, what you're referring to as a second post-trial motion, as being brought under 2-1401? No. Real simple reason why not. Why not? One, there's a filing fee involved in that. That wasn't paid. Two, there are prerequisites for that that weren't complied with, such as he has to call it a 1401 motion. He can't just file a second post-judgment motion after the fact. So you can non-pro tone declare it to be a 1401 motion. There's affidavits that are required. There are findings of fact that have to be required, such as meritorious defense, that there was a good reason for prior to filing the post-judgment motion or the 1401 petition that he couldn't have brought these earlier, that he timely brought it again. The court didn't address any of those. He didn't argue any of those. Could he have done that? Could he probably still do it today? Yes. That's not to presuppose what the trial court might do if he were to file such a 1401 motion today. But he didn't file it then. And it's not appropriate for this court, in order to correct completely defective jurisdiction of the trial court, to construe it in a way that nobody ever construed. Thank you, counsel. You'll have the opportunity for rebuttal. Thank you, Your Honor. Argument for the appellee. Thank you, Your Honor. As was pointed out in Mr. Scroggins. Thank you. Morgan Scroggins. I'm sorry, Morgan Scroggins on behalf of the defendant in this matter. As was pointed out in our brief, a number of missteps, misdirection, misnotice, and a number of things happened in this case post-judgment. As the court is well aware, the defendant did not appeal the verdict in this matter. As the defendant felt that there was no reason to appeal the verdict in this matter. We didn't feel that we had a meritorious appellate client. But post-judgment, the first action that occurred in this case is a citation to discover assets was issued against Defendant Scott Bombacino. It's important to note that Defendant Scott Bombacino was found 0% liable in this case. After this was pointed out to plaintiff's counsel at the citation hearing, plaintiff's counsel filed a citation for contempt against Defendant Bombacino. Not Scott Bombacino, just Bombacino. There were two defendants in this matter, Scott Bombacino and Vincent Bombacino. Upon receiving notice of that, as counsel for defendant, I filed a motion for sanctions. Motion to set aside contempt proceeding, motion to set aside that order that was entered on April 27th of 2014. And I appeared in court the notice of court date that was set by plaintiff's counsel of September 17th of 2014. On that day, plaintiff's counsel failed to appear. That order was set aside and given plaintiff's counsel deference. We set over the issue of attorney's fees for having to file this response. Under notes, and this I just found out last night as I was studying this case. Under notes to defense counsel, the issue of attorney's fees was set on October 22nd of 2014. I never made that court date. The reason why I never made that court date is because I appeared on October 15th of 2014 for the citation to discover assets. And the continuous date from October 15th of 2014 to November 5th of 2014 for the continuous of the contempt proceeding or the citation proceeding. I apologize. In between that date, a notice for October 22nd of 2014 was sent out. I never received that notice. I checked my calendar last night. There was never a notice for that date. And on that date, notably, and I've never received the order, my attorney's fees were denied. That is not a part of this brief because I didn't notice it until last night. But that is the second misstep in this case. The third misstep was when we proceeded and we appeared on January 7th of 2015. We continued that date to a date uncertain in the future, as is the policy in Madison County, next available date. The next date, January 8th of 2015, a citation to discover assets against defendant Robert Mueller, a person that was never, ever served, was issued. And on February 11th of that year, counsel for plaintiffs appeared and wrote a very scathing order against Robert Mueller, a person who is unrepresented, has never been a part of this case. Stating that he had promised to settle this case and that he must pay within seven days or bad things are going to happen and reset this for further status. It was then set on March 14th of 2015. The importance of that date, and I never received notice. My client never received notice. I never received notice. On March 4th of 2015, I was knee deep in a first degree murder trial in Carlinville, Illinois. A two-week trial that would have concluded approximately March 16th of 2015. Day three of that trial or day four of that trial, I received a call from my secretary who was keeping the office open busy while I was in the middle of this trial. And the rest of my office was in Carlinville, Illinois, set up shop to defend this gentleman. Needless to say, the order that I received, I went through the roof. I couldn't. Never received notice. There was never a motion for sanctions that I had received. I received that in my office while I was in the middle of this murder trial. We hurried up during the evening hours to file a motion to set aside. According to the clerk's notice, on March 17th, and I believe I filed this somewhere around the 15th or 16th, on March 17th of 2015, my motion to set aside was set for April 8th, 2015. Never received notice of a setting. I believe it was March 23rd or March 24th of 2015, whereby plaintiff's counsel walks into court. I am not there because I don't have any notice to be there. And just to make a point here, the judge subsequently at the final hearing, he made a finding that you didn't get any of these notices, right? Yes, that's correct. But there was an internal audit asked by me. Because you're kind of mixing up in your argument things that are in the record and aren't in the record. That's correct. You know, and you should be confined to arguing what's in the record. I understand, Your Honor. You're telling us about all kinds of things. I'm telling you about all kinds of things. You went through the file last night. You know, but I just want to make the point. What is in the record, and that is quoted twice in my brief, is what Judge Bailey put on the record, which is that there was an internal audit of the clerk's notice system, which noted, and I have copies of that, and that's not part of the record. And, Counsel, you do need to limit your argument here to what you have, which is the record. I understand. And the record shows that I received no notice after January 7th of 2015 until April 8th of 2015. And we had filed a motion to set aside the March 4th order that was set for April 8th of 2015. Then we received a notice or an order in the mail denying it on a date that was not set. And then we promptly filed our very scathing response dated April 7th, 2015, which noted with particularity each and every aspect and each and every procedure that followed from January 7th, 2015. The reason why I was arguing on – well, it's irrelevant as to when that motion was argued, but that motion was argued June 25th, 2015, which noted, as previously stated, that we had received no notice of any of these things. The most interesting aspect is the March 4th, 2015 order related and held my client in contempt for failure to follow a court order that was not directed towards him. Held my client in contempt of court for things that he did not even receive notice of. Held my client in contempt of court on a date that he had not received notice of. Now, I believe that our motion to set aside dated April 7th, 2015 is well taken and can be well taken by the court based upon those facts and those facts only. There was not a final and appealable order on March 4th, 2015. When he was held in contempt? When he was held in contempt. Why would that not be a final and appealable order? Well – I mean, you can appeal a contempt order, can't you? Certainly you can, but it did not dispose of the case in total. Number one. Number two, it's a void order. He's found in contempt for not following an order directed to somebody else. And I did not put that in my brief, but it just occurred to me. It's a void order. Number three. Mr. Bondecino has – the plaintiff has attempted to victimize him on several occasions when he has misnoticed pleadings or misnoticed citations or misnoticed court dates. On three separate occasions. The first, which was the first post-judgment proceeding that the plaintiff began. A citation against a defendant who was found 0% liable. And then he attempts to hold Mr. Bondecino in contempt for that proceeding. It's not directed towards him. That's set aside. The issue of attorney's fees is set aside for a certain date. A date I didn't receive notice of. Then a citation is issued against another defendant who had never, ever been served. And he's ordered to pay a settlement, a settlement that there's no evidence was ever presented in support of any settlement. There's no evidence anywhere that any settlement had ever been reached with any of these defendants. And then, as punishment against Vincent Bondecino for an order directed to another defendant, he's held in contempt of court. I cannot defend what I do not know. I cannot defend what I do not know. And there have been a number of missteps, a number of mysterious court dates, a number of mysterious pleadings that have ended up in this record. This record is painted up with so many misdirections that we cannot decide who's at fault here. I believe the court took my motions and had reason and good reason and jurisdiction to consider all of them. And once faced with these orders, we promptly, in the first case within 12 days, in the second case within 14 days, filed notices once we found out the missteps that had attempted to put my client in jeopardy. Thank you, Counsel. Thank you. Reba? Thank you, Your Honor. I'm willing to accept as true that was Judge Bailey found, because even though it's not in the record, his findings of that Mr. Stroggins did not get notice from the clerk, my independent investigation can confirm that's probably true. But that's also irrelevant. Whether or not Mr. Stroggins or his clients got notice from the clerk of the court for the hearing date set by the clerk of the court, has nothing to do with the jurisdiction of the circuit court to entertain a second post-judgment motion 92 days after the denial of the first post-judgment motion. The question that we're here for is... Okay, let me ask a question. Did Judge Bailey find that there was no notice for hearing on the first post-judgment motion? There's a copy of the transcript. The relevant portion is attached to my brief. My recollection is he simply found that Mr. Stroggins, due to an error of the clerk's office, was not receiving notices of this file at some point. I mean, so he filed what you refer to as a first post-trial motion. Yes. And it was set for hearing? Yes. And he didn't get notice of that hearing? I'll accept that as true, because that's Judge Bailey's findings. And it was denied when he didn't show up? That is accurate. Okay. And then you're saying we don't have jurisdiction because... I'm saying you have jurisdiction to hear this appeal. I'm saying the circuit court did not have jurisdiction to hear the second post-judgment motion. Even though it was denied pretty much solely because defense counsel didn't appear? It was presented to the... I presented the file to the court, noted that Mr. Stroggins was not there, looked around the courthouse for him, was unable to locate him. I assume because he wasn't in the courthouse. I don't know where he was. I asked the court what it wanted to do, and it said, I've reviewed it. You're not correct in order to deny me. And that's what happened. I don't have an obligation to track down my opposing counsel in another state or another courthouse or wherever he is. Did he have procedural due process? Under I believe it's Granite City Elks Lodge v. City of Granite City, a party cannot complain about lack of notice of what's in a court file if they don't make some diligent effort to check the court file. I believe that's the Illinois Supreme Court. Yeah. If you check the court file over the course of this 90, 120 days, whatever it is that he's claiming he's gotten notice, he clearly knows something's going on. Why didn't he do something during this time period to try to find out what was going on, even if that was limited to strictly calling my office or calling the clerk's office to say, hey, what's going on? I'm not getting notice. He didn't do that. There's nothing in the record that indicates he even tried to do that. And we're stuck with the simple fact of the matter is the circuit court did not have jurisdiction 90-something days after the denial of the first post-judgment motion. That's not to say that there are not other procedural remedies if the defendant thinks that his rights have been aggrieved. It's simply this mechanism was not appropriate for the defendant. Counsel, do you agree that your contempt order was directed against Vince? I'd have to look at it to confirm that one way or the other. It's not really relevant. The contempt order itself was directed against Vince Bombacino. Yes. Yes. But the underlying order upon which your claim of contempt was based was against Scott. That's what I would have to look and see. There were orders against Scott. Robert Mueller. The underlying order was against Robert Mueller. That's what I would have to look and check. I frankly don't know. I know that we're not proceeding based on a chain of events that started with Scott Bombacino. That chain of events has nothing to do with the ultimate outcome of this appeal. I don't think there are any further questions. Thank you. Counsel will take this case under advisory.